# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TIA GOODEN,
        Plaintiff

    v.

TEAMSTERS LOCAL 705, *et al.*,
        Defendants

No. 25 CV 6907

Judge Jeremy C. Daniel

## ORDER

The defendant's motion to dismiss [48] is granted. The April 7, 2026, motion hearing is stricken.

## STATEMENT

### Background and Legal Standard

This case is before the Court on Defendant Teamsters Local 705's ("Teamsters") motion to dismiss Counts III and IV of Plaintiff Tia Gooden's complaint. (*See generally* R. 49.) The following description of events underlying these claims is drawn from the complaint and presumed true for the purpose of resolving this motion. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

The plaintiff, an African American woman, began her employment with Defendant DHL Express USA ("DHL") in 2020 and is a member of Teamsters. (R. 43 ¶¶ 9, 10.) The plaintiff alleges that, from 2021 to 2024, her supervisor and other employees harassed her in the following ways: following her into the restroom and photographing her while she occupied a bathroom stall, pushing and throwing boxes at her, scrutinizing her while she was working, making misrepresentations about actions the plaintiff did not take, and expressing undue anger with her for helping another employee. (*Id.* ¶¶ 11(a)–11(r).) She also alleges that she filed grievances with Teamsters, which told her to remain calm, ignored her complaints, met in her absence to discuss her grievances, and closed all her grievances even though she did not agree to the closure. (*Id.*) She also filed a report with the Chicago Police Department in August 2023. (*Id.* ¶ 16.)

The plaintiff filed claims against DHL for a hostile work environment and retaliation under Title VII of the Civil Rights Act (Counts I and II, respectively). 42 U.S.C. §§ 2000e, *et seq.* (*Id.* ¶¶ 22–32.) She filed claims against Teamsters for race

discrimination and retaliation under Section 1981 of the Civil Rights Act (Counts III and IV, respectively). 42 U.S.C. § 1981. (*Id.* ¶¶ 33–41.) Teamsters moves to dismiss the counts against it for failure to state a claim. (*See generally* R. 49.)

A Rule 12(b)(6) motion tests whether the plaintiff has provided "enough factual information to state a claim to relief that is plausible on its face and has raised a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (citing *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Dismissal is proper where "the allegations . . . , however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

## Analysis

Teamsters first argues that the plaintiff fails to state a § 1981 claim for race discrimination under Count III. (R. 49 at 4–6.) "Section 1981 prohibits discrimination in the making and enforcement of private contracts." *Majeske v. Fraternal Ord. of Police, Loc. Lodge No. 7*, 94 F.3d 307, 312 (7th Cir. 1996) (citing *Patterson v. McLean Credit Union,* 491 U.S. 164, 172 (1989)). "A § 1981 claim may be brought against a labor organization . . . when 'the collective bargaining agreement contains an express clause binding both the employer and the union not to discriminate on racial grounds[.]'" *Id.* (citing *Daniels v. Pipefitters' Ass'n Loc. Union No. 597*, 945 F.2d 906, 916 (7th Cir. 1991)).

The plaintiff neither cites nor attaches any collective bargaining agreement (CBA) with Teamsters. In any event, even assuming she is party to a CBA that proscribes racial discrimination, the plaintiff still fails to state a § 1981 claim. The plaintiff's only allegation related to race is a conclusory statement that Teamsters treated similarly situated non-African American employees differently. (R. 43 ¶ 36.) She provides no factual information about how they did so. This is not sufficient to state a claim for racial discrimination. The Court accordingly dismisses Count III against Teamsters.

Teamsters next argues that the plaintiff fails to state a § 1981 claim for retaliation. (R. 49 at 6–7.) To establish a claim for § 1981 retaliation, the plaintiff must show that "the Union refused to process [her] grievances because of [her] race or [her] earlier complaints about race." *Webb v. AFSCME Council 31*, No. 19-cv-4192, 2020 WL 919260, at *2 (N.D. Ill. Feb. 26, 2020) (citing *Green v. Am. Fed'n of Tchrs./Ill. Fed'n of Tchrs. Loc. 604*, 740 F.3d 1104, 1107 (7th Cir. 2014)). For the same reasons stated above, the Court grants Teamsters' motion to dismiss Count IV for lack of factual allegations regarding how she was treated because of her race.

Date: April 3, 2026

_____
JEREMY C. DANIEL
United States District Judge

3